IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10498
(Summary Calendar)
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus


FRANCISCO VILLEGAS; CRUZ RODRIGUEZ,

                                        Defendants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(USDC No. 4:95-CR-171-A)
- - - - - - - - - -
August 26, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Francisco Villegas and Cruz Rodriguez appeal their convictions and sentences for possession with intent to distribute methamphetamine (Count 1) and for attempted possession with intent to distribute methamphetamine (Count 2), all in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2.  They argue that the evidence was not sufficient to support the jury's verdict and that their convictions and sentences for the attempted possession

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of methamphetamine violate the double jeopardy clause of the Fifth Amendment.  Villegas argues additionally that the district court abused its discretion by admitting into evidence three out-of-court statements over his hearsay objection.  We have reviewed the record and the briefs of the parties and hold that the evidence was sufficient for a reasonable jury to find Villegas and Rodriguez guilty beyond a reasonable doubt.  See United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994), cert. denied, 513 U.S. 1156 (1995).  We also hold that any error the district court may have made in admitting the three complained-of statements is harmless in light of the overwhelming evidence of Villegas's guilt.  See United States v. Capote-Capote, 946 F.2d 1100, 1105 (5th Cir. 1991).

We also hold that Villegas's and Rodriguez's convictions for the attempt to possess and distribute the same amount of methamphetamine that they were convicted of possessing with intent to distribute violate the double jeopardy clause.  See United States v. Anderson, 987 F.2d 251, 254 (5th Cir. 1993). Accordingly, Villegas's and Rodriguez's convictions and sentences on Count 2 of the indictment are REVERSED.  The total amount of the special assessment for each appellant is reduced by $50. AFFIRMED IN PART; REVERSED IN PART.